# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

MATTHEW ARMER                                                                     PLAINTIFF

v.                                                     CIVIL ACTION NO. 5:09CV-P86-R

THOMAS MARSHALL *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Matthew Armer filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss a portion of the claims and allow a portion to proceed for further development.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated at the Calloway County Jail. He files suit against Defendants Thomas Marshall and Dee Ann Benke in their individual capacities and against Jailer Phil Hazle in his official capacity. Plaintiff alleges that on May 5, 2009, Defendants Marshall and Benke were involved in an assault on Plaintiff that resulted in him being rendered unconscious. He alleges that Jailer Phil Hazle responded to his grievance concerning the assault by stating that Defendants Marshall and Benke did not do anything improper to Plaintiff.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to ''state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

**A.** **<u>Official-Capacity Claim Against Defendant Hazle</u>**

The official-capacity claim against Defendant Hazle is actually a claim against his employer, Bullitt County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the

2

municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

1. **<u>Step-one</u>**

Plaintiff's allegation against Defendant Hazle apparently centers around his position as jailer and his denial of Plaintiff's grievance.

Defendant Hazle's position as jailer does not automatically make him liable for the actions of his subordinates. "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, the fact that Defendant Hazle was aware of Plaintiff's complaints is not enough to subject him to liability under §1983. *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 U.S. App. LEXIS 35331 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).

Likewise, Defendant Hazle's adjudication of Plaintiff's grievance does not subject him to liability under § 1983. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir.

4

2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant. *Id.*

Thus, Plaintiff has not properly alleged that Defendant Hazle violated his constitutional rights.

### 2. **Step-two**

Additionally, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff does not allege that a governmental policy or custom existed that caused his alleged harm. The incidents alleged in Plaintiff's complaint appear to be isolated occurrences. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the events alleged in the complaint occurred as a result of a policy or custom implemented or endorsed by Calloway County, the complaint fails to establish a basis of liability against the municipality and fails to state a

5

cognizable § 1983 claim against it.

For these reasons, Plaintiff's official-capacity claim against Defendant Hazle will be dismissed.

**B.     Excessive Force Claims**

The Court will allow Plaintiff's Eighth Amendment, excessive-force claims to proceed against Defendants Thomas Marshall and Dee Ann Benke in their individual capacities. In so doing, the Court makes no determination on the ultimate outcome of the claims. The Court will enter a separate Scheduling Order to assist in the development of the remaining claims.

### IV.  ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim against Defendant Phil Hazle is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. All claims against Defendant Hazle having been dismissed, the Clerk of Court is **DIRECTED** to terminate him as a party to this action.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Calloway County Attorney
4413.008

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

MATTHEW ARMER                                                                     PLAINTIFF

v.                                                                        CIVIL ACTION NO. 5:09CV-P86-R

THOMAS MARSHALL *et al.*                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Matthew Armer filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss a portion of the claims and allow a portion to proceed for further development.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated at the Calloway County Jail. He files suit against Defendants Thomas Marshall and Dee Ann Benke in their individual capacities and against Jailer Phil Hazle in his official capacity. Plaintiff alleges that on May 5, 2009, Defendants Marshall and Benke were involved in an assault on Plaintiff that resulted in him being rendered unconscious. He alleges that Jailer Phil Hazle responded to his grievance concerning the assault by stating that Defendants Marshall and Benke did not do anything improper to Plaintiff.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to ''state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.  ANALYSIS

**A.    Official-Capacity Claim Against Defendant Hazle**

The official-capacity claim against Defendant Hazle is actually a claim against his employer, Bullitt County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the

2

municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

1. **<u>Step-one</u>**

Plaintiff's allegation against Defendant Hazle apparently centers around his position as jailer and his denial of Plaintiff's grievance.

Defendant Hazle's position as jailer does not automatically make him liable for the actions of his subordinates. "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, the fact that Defendant Hazle was aware of Plaintiff's complaints is not enough to subject him to liability under §1983. *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 U.S. App. LEXIS 35331 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).

Likewise, Defendant Hazle's adjudication of Plaintiff's grievance does not subject him to liability under § 1983. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir.

4

2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant. *Id.*

Thus, Plaintiff has not properly alleged that Defendant Hazle violated his constitutional rights.

   2.   **Step-two**

Additionally, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff does not allege that a governmental policy or custom existed that caused his alleged harm. The incidents alleged in Plaintiff's complaint appear to be isolated occurrences. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the events alleged in the complaint occurred as a result of a policy or custom implemented or endorsed by Calloway County, the complaint fails to establish a basis of liability against the municipality and fails to state a

5

cognizable § 1983 claim against it.

For these reasons, Plaintiff's official-capacity claim against Defendant Hazle will be dismissed.

**B.      Excessive Force Claims**

The Court will allow Plaintiff's Eighth Amendment, excessive-force claims to proceed against Defendants Thomas Marshall and Dee Ann Benke in their individual capacities.  In so doing, the Court makes no determination on the ultimate outcome of the claims.  The Court will enter a separate Scheduling Order to assist in the development of the remaining claims.

### IV.  ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claim against Defendant Phil Hazle is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  All claims against Defendant Hazle having been dismissed, the Clerk of Court is **DIRECTED** to terminate him as a party to this action.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Calloway County Attorney
4413.008